IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 11-0098-WS-B ) |
| SHARANDA PARKER, et al., | ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the motion of Heiress Kidd, as mother and next friend of defendants A.K.M. and A.M., Jr. ("Kidd"), for default judgment against defendant Sharanda Parker, as next friend of Parker's minor child, S.M ("S.M."). (Doc. 94). This is Kidd's third attempt to obtain default judgment against S.M.

As set forth in previous Court orders, Parker and S.M. were named by the complaint as defendants in this insurance interpleader action, based on information in the possession of the plaintiff indicating that Parker might be the common-law wife of the decedent and S.M. their child. They have not appeared in this action. Kidd filed a motion for default judgment against them (her first), which the Court denied because the complaint in interpleader does not seek affirmative relief against them and so presents no proper basis for a default judgment. (Doc. 58).[1]

Kidd later moved for leave to amend her answer to add a cross-claim against Parker in her individual capacity and as next friend of S.M., (Doc. 69), which motion the Court granted. (Doc. 76). In response to a notice by counsel for Kidd and her children (each with a separate guardian ad litem) that they had resolved their claims to the

---

[1] The Court invited Kidd to demonstrate that Rule 55 permits default judgment in this situation, but she declined to attempt the feat.

interpleaded funds inter se, (Doc. 81), the Court pointed out their failure to demonstrate that Parker and S.M. had been properly served with the cross-claim against them and that it was thus premature to exclude them from a distribution of the interpleaded funds. (Doc. 82).

In response to this order, Kidd requested issuance of a summons to Parker. (Doc. 84). Proof of service was subsequently returned, reflecting that a process server left the summons at Parker's residence or usual place of abode with a named relative, whom the process server identified as a person of suitable age and discretion residing there. (Doc. 85). Over a month then elapsed, and Parker did not appear. On this state of the record, the Court granted Kidd's second motion for default judgment as to Parker. (Doc. 89 at 2-3). The Clerk then entered default, (Doc. 90), and the Court entered default judgment, excluding Parker from recovery from the interpleaded funds. (Doc. 91).

The Court denied Kidd's incorporated second motion for default judgment against S.M., on the grounds that Kidd had not obtained a separate summons directed to S.M. as required by Federal Rule of Civil Procedure 4(b), and because Kidd had not personally served S.M.'s parent, guardian or other specified individual as required by Alabama Rule of Civil Procedure 4(c)(2). (Doc. 89 at 3).

Kidd promptly sought and obtained issuance of a summons directed to "S.M. c/o Sharanda Parker." (Doc. 92). Kidd then filed a return of service reflecting that process was effected on August 21, 2012, (Doc. 93), and followed up with the instant motion.

The Court finds Kidd's proof an inadequate basis to support entry of default or default judgment. First, S.M.'s mother is Sharanda Parker, but the return of service references "Sharlanda Parker," who has not been shown to be the same person. Second, the return states only that process was personally served on "the individual," without specifying whether the individual was S.M. or Sharlanda Parker, both of whom the return mentions.

Kidd's showing is troubling in another respect as well. The summons directed to Parker stated her address as 56 Macon Street, and the process server declared under

penalty of perjury that he served Parker by leaving process with her cousin at her residence or usual place of abode – presumably, the address on the summons. (Doc. 85). Six weeks later, however, the summons directed to S.M. c/o Parker stated her address as 210 Limestone Street, and the process server declared under penalty of perjury that he served process at that address. (Doc. 93). These filings are not necessarily irreconcilable, but they do raise the disquieting possibility that Parker was not in fact properly served. While the Court is presently unprepared to invoke Rules 55(c) and 60(b) to set aside the default judgment against Parker, it is unwilling to compound the problem by entering default and default judgment against S.M. on this ambiguous record.

The Court does not preclude Kidd from attempting a more satisfactory showing that Parker and S.M. have been effectively served with the cross-claim such that default judgment may properly be entered against them. But the Court will not delay trial of this action – which has already been postponed twice from its initial May 2012 setting – for this purpose. This is especially so since the Court is satisfied that Parker and S.M. were effectively served with process by the plaintiff. (Docs. 33-36).[2] Having been served with the complaint in interpleader, they are charged with asserting and defending their rights in this lawsuit, and at some point their failure to do so will be fatal. In particular, their failure to appear at trial will necessarily result in their failure to demonstrate their entitlement to any portion of the interpleaded life insurance proceeds, which would then, pursuant to the policy, be divided evenly between Kidd's children – as they through their guardians have already agreed. (Doc. 81). Should Parker and S.M. not appear at trial,

---

[2] Service as to both Parker and S.M. was made by delivery to Parker's mother at the home where she, Parker and S.M. all lived. Service was thus good as to Parker under Federal Rule of Civil Procedure 4(e)(2)(B) and its Alabama counterpart. Because Parker was hospitalized at the time of service, S.M.'s grandmother constituted "the individual having care of the minor or with whom the minor lives" for purposes of Alabama Rule of Civil Procedure 4(c)(2), and service was thus good as to S.M. under that rule.

the Court would anticipate that trial would be exceptionally brief.[3]  Should Parker and/or S.M. appear at trial without having previously participated in the lawsuit, the Court would receive favorably a motion by Kidd to continue trial but would likely not receive favorably a similar motion by Parker or S.M.

For the reasons set forth above, the motion for default judgment is **denied**.  This case remains set for final pretrial conference on October 16, 2012 and for bench trial in November 2012.  The parties are reminded of their pre-trial obligations, including submission of a joint pretrial document on or before October 9, 2012.

DONE and ORDERED this 27th day of September, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Proof of the policy's provisions for distribution and of the decedent's paternity would still be necessary, but a judicial paternity determination as to A.K.M. and a positive DNA test as to A.M., Jr., (Docs. 1, 81), should render that a smooth and swift process.