IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | * * | CASE NO: |
| Plaintiff, | * | |
| vs | * | 11-cv-00098-WS-B |
| SHARANDA PARKER, S.M. (a minor), A.K.M. (a minor), A.M. (a minor), AND CHRISTIAN MEMORIAL FUNERAL HOME, | * * * * | |
| Defendant. | | |

## FINAL ORDER

This matter came before the Court for trial on November 9, 2012. Defendants Sharanda Parker and S.M. did not appear. Based on the testimony and evidence presented, the Court finds, concludes and orders, as follows:

FINDINGS OF FACT

1. This is an interpleader action filed by Metropolitan Life Insurance Company ("Met Life") to distribute employee benefits/life insurance proceeds for potential beneficiaries of a life insurance policy due to the death of A.M. ("Decedent"). Decedent died on July 6, 2008.

2. The potential beneficiaries are Sharanda Parker, S.M., A.K.M., and A.M. Jr.

3. Pursuant to the life insurance summary plan description, in the absence of a beneficiary designation, benefits will be paid to surviving relatives "in the following order: - spouse, -children (paid in equal shares) …." (Trial Exhibit 1 at 74).

4. Decedent did not submit a beneficiary designation.

5. Sharanda Parker submitted a claim as Decedent's common-law wife, according to the complaint filed by Met Life. (Doc. 1, ¶¶ 17, 19, 20, 28).

6. On behalf of S.M., Sharanda Parker submitted a claim that S.M. was the child of the Decedent, according to the complaint filed by Met Life. (Doc. 1, ¶¶ 18, 26, 28; see also, ¶ 27).

7. Default judgment was entered against Sharanda Parker. (Doc. 89 at 2-3).

8. S.M., by and through his or her mother and next friend, Sharanda Parker, failed to appear in this action.

9. A.K.M. was born on November 23, 2005. On his birth certificate, his mother is listed as Heiress Kidd. (Trial Exhibit 2). No father is listed on the birth certificate. Decedent was adjudicated to be the father of A.K.M. by an order of the Monroe County, Alabama District Court, dated November 10, 2007 and file stamped on December 10, 2007. (Trial Exhibit 4).

10. A.M. Jr. was born on August 11, 2008. His date of birth was after the death of Decedent by approximately five weeks. On his birth certificate, his mother is listed as Heiress Kidd. (Trial Exhibit 3). No father is listed on the birth certificate. There is no evidence of an adjudication of father. A DNA sibling test conducted in April 2012, determined there is a 99.81% probability that A.K.M and A.M. Jr. are full siblings. (Trial Exhibit 5).

11. A.K.M. and A.M. Jr. are the children of Decedent. Sharanda Parker is not the surviving spouse of Decedent, and S.M. is not a child of Decedent. The motion for judgment as a matter of law, made orally at trial, is **granted**.

12. Guardian ad Litem ("GAL") Eleanor Jones requested payment of fees in the sum of $2,640.00. The fee request represents 17.6 hours at $150 per hour.

13. GAL Jean Powers requested payment of fees and costs in the sum of $8,232.50 fees and $25.84 costs. The fees portion represents 44.5 hours at $185 per hour.

14. Brad Kittrell, Esq. appeared for Heiress Kidd, mother of A.K.M. and A.M. Jr. Mr. Kittrell requested payment of fees and costs in the sum of $8,550.00 fees and $2,202.17 costs. The fees portion represents 32.2 hours at $250 per hour. Serving as co-counsel to Mr. Kittrell was Jack Weaver, Esq. Mr. Weaver requested payment of fees and costs in the sum of $1,700.00 fees for 8.5 hours at $200 per hour.

15. Counsel of record and the parties agree that the monies due to the minor children should be paid to the Mobile County Probate Court to be invested in blocked accounts. Petitions to establish blocked accounts in Probate Court will be filed with Probate Court upon receipt of this order.

## CONCLUSIONS OF LAW

1. A.K.M. and A.M. Jr. are entitled to a share of the interpleaded funds. No other persons (other than the attorneys and GALs discussed below) are entitled to a share of the interpleaded funds. Specifically, Sharanda Parker and S.M. are not entitled to a share of the interpleaded funds. A.K.M. and A.M. Jr. are entitled to equal shares of the interpleaded funds, net of those funds payable to counsel and GALs.

2. It was necessary and proper to appoint GALs for the minor children.

3. GAL Jones requested payment of fees in the sum of $2,640.00. The fee

request represents 17.6 hours at $150 per hour.  The Court concludes that the 17.6 hours expended were actually and reasonably expended.  Moreover, the Court concludes that the hourly rate of $150 is a reasonable hourly rate for the services provided.  The Court therefore concludes that GAL Jones is entitled to payment in the full amount requested.  No party has suggested otherwise.

        4.        GAL Powers requested payment of fees and costs in the sum of $8,232.50 and $25.84 costs.  The fees portion represents 44.5 hours at $185 per hour.  The Court concludes that the 44.5 hours expended were actually and reasonably expended.  The Court further concludes that the $25.84 in costs was actually and reasonably incurred.  Moreover, the Court concludes that the hourly rate of $185 is a reasonable hourly rate for the services provided.  The Court therefore concludes that GAL Powers is entitled to payment in the full amount requested.  No party has suggested otherwise.

        5.        Mr. Kittrell requested payment of fees and costs in the sum of $8,550.00 fees and $2,202.17 costs.  The fees portion represents 32.2 hours at $250 per hour.  The Court concludes that the 32.2 hours expended were actually and reasonably expended.  Moreover, the Court concludes that the hourly rate of $250.00 is a reasonable hourly rate for the services provided.  The Court further concludes that the $2,202.17 in costs was actually and reasonably incurred.  The Court therefore concludes that Mr. Kittrell is entitled to payment in the full amount requested.  No party has suggested otherwise.

        6.        Mr. Weaver requested payment of fees in the sum of $1,700.00.  The fee request represents 8.5 hours at $200 per hour.  The Court concludes that the 8.5 hours expended were actually and reasonably expended.  Moreover, the Court concludes that

the hourly rate of $200 is a reasonable hourly rate for the services provided.  The Court therefore concludes that Mr. Weaver is entitled to payment in the full amount requested. No party has suggested otherwise.

7.	It is necessary and proper that the monies due to the minor children should be paid to the Mobile County Probate Court to be invested in blocked accounts.  Petitions to establish blocked accounts in Probate Court shall be filed with Probate Court upon receipt of this order.

## ORDER

For the foregoing reasons, it is **ordered** that the interpleaded funds shall be paid in equal shares to Decedent's children, A.K.M. and A.M. Jr., after payment of fees and costs.  The motions to approve payment of attorney's fees, (Docs. 98, 100, 103), are **granted**.

The Clerk is directed to pay the interpleaded funds as set out herein.

GAL Jones shall be paid $2,640.00 in fees.

GAL Powers shall be paid $8,258.34 in fees and costs.

Mr. Kittrell shall be paid $10,752.17 in fees and costs.

Mr. Weaver shall be paid $1,700 in fees.

The balance remaining after these payments shall be paid in equal amounts to A.K.M. and A.M. Jr.[1]  The Clerk is directed to issue separate checks for these parties,

---

[1] In accordance with applicable law, the Clerk will retain 10% of the modest interest accruing since interpleader.

made payable to the Mobile County Probate Court and noting the full name of the respective minor child on the face of the check.[2]

No further order shall be forthcoming from the Court except upon application by any party for final judgment as prescribed by Federal Rule of Civil Procedure 58.

DONE and ORDERED this 14th day of November, 2012.

/s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Each person receiving any portion of the interpleaded funds pursuant to this order is responsible for providing the Clerk in writing, prior to disbursement, a taxpayer identification number and/or social security number.